IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 99-cr-00061-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JOHN WESLEY RADCLIFF,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Motions to Reconsider [Docket Nos. 1421, 1423] filed by defendant John Wesley Radcliff.[1]  In his motion, Mr. Radcliff requests that the Court reconsider its July 24, 2012 Order [Docket No 1420] denying his motion for temporary release.  Docket No. 1423 at 1.

On July 19, 2012, Mr. Radcliff filed a Motion for Temporary Release [Docket No. 1418] pursuant to 18 U.S.C. § 3622(a)(1).  Mr. Radcliff requested a temporary interruption from his prison sentence so that he could help care for his terminally ill daughter.  Docket No. 1418 at 2.  On July 24, 2012, the Court denied Mr. Radcliff's motion because it did not have jurisdiction to grant his request.  Docket No. 1420 at 3-4.

---

[1] Defendant's motions are almost identical; however, it appears that a few paragraphs were omitted from defendant's motion in [Docket No. 1421].  *Compare* Docket Nos. 1421, 1423.  Accordingly, the Court will only refer to Docket No. 1423 in the Order.

In the July 24 order, the Court found that 18 U.S.C. § 3622 vests the Bureau of Prisons ("BOP") with the sole discretion to grant a prisoner a temporary release. *Id*. at 2.

In the present motion, Mr. Radcliff claims that the Court erred when it concluded that the BOP has sole authority to act under 18 U.S.C. § 3622. Docket No. 1423 at 1, ¶ 1. In support of his motion, Mr. Radcliff presents several arguments. First, he argues that, by enacting the Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3551 *et seq*., and creating the United States Sentencing Commission (the "Sentencing Commission"), 28 U.S.C. § 991 *et seq*., Congress amended 18 U.S.C. § 3622[2] and vested federal courts with exclusive jurisdiction to grant temporary releases. Docket No. 1423 at 3, ¶ 5-6. Mr. Radcliff argues that the Court has jurisdiction because the SRA and the

---

[2]The statute provides as follows:

The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to –

    (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of –

    (1) visiting a relative who is dying;

    (2) attending a funeral of a relative;

    (3) obtaining medical treatment not otherwise available . . .

18 U.S.C. § 3622(a).

Sentencing Commission's guidelines created binding rules federal judges must apply when imposing sentences or granting a prisoner a temporary release. *Id.* at ¶ 6.

The Court finds that nothing in the text of § 3622 indicates that it was amended, explicitly or implicitly, by the SRA. Section 3622's only textual cross-reference to the SRA states that the Bureau of Prisons must consider "any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2)" when deciding whether to grant a prisoner a temporary release. *See* 18 U.S.C. § 3622. However, § 3622's cross-reference to 28 U.S.C. § 994(a)(2) does not alter who must act under the statute, namely, the Bureau of Prisons. Instead, the cross-reference to § 994(a)(2) only indicates how the BOP must act (i.e., by considering the Sentencing Commission's policy statements) when making a decision on whether to grant a prisoner a temporary release.[3] Accordingly, the Court finds no error with its earlier conclusion that § 3622's text "shows a clear congressional intent to vest the BOP – and not the federal courts – with the sole discretion to grant a prisoner a temporary release." Docket No. 1420 at 2 (citation omitted).

---

[3] To the extent Mr. Radcliff argues that *United States v. Premachandra*, 78 F.3d 589, 1996 WL 102567, at *1 (8th Cir. March 8, 1996), is not relevant, Docket No. 1423 at 6-7, ¶ 5, the Court disagrees. Under § 3622, temporary releases for "medical treatment" or to "visit[] a relative who is dying" are governed by the same provision of the statute. *See* 18 U.S.C. §§ 3622(a)(1), (3). Accordingly, the Court's reliance on *Premachandra* stands for the proposition that, pursuant to 18 U.S.C. § 3622(a), the authority to grant a temporary release lies with the BOP – and not the Court – regardless of the reason for which a prisoner seeks a temporary release. 1996 WL 102567, at *1.

Mr. Radcliff's second argument is that 28 U.S.C. § 994(a)(2)(F) directs the Sentencing Commission to establish guidelines for the temporary release of prisoners.[4] Docket No. 1423 at 4, ¶ 7-8. Mr. Radcliff argues that § 994(a)(2)'s directive that the Sentencing Commission create guidelines for temporary releases evinces a congressional intent to make temporary prisoner releases the exclusive province of the Court. *Id*. at ¶ 8.

---

[4]The statute states, in pertinent part, that:

(a) The Commission, by affirmative vote of at least four members of the Commission, and pursuant to its rules and regulations and consistent with all pertinent provisions of any Federal statute shall promulgate and distribute to all courts of the United States and to the United States Probation System . . .

(2) general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18, United States Code, including the appropriate use of–

(A) the sanctions set forth in sections 3554, 3555, and 3556 of title 18;

(B) the conditions of probation and supervised release set forth in sections 3563(b) and 3583(d) of title 18;

(C) the sentence modification provisions set forth in sections 3563(c), 3564, 3573, and 3582(c) of title 18;

(D) the fine imposition provisions set forth in section 3572 of title 18;

(E) the authority granted under rule 11(e)(2) of the Federal Rules of Criminal Procedure to accept or reject a plea agreement entered into pursuant to rule 11(e)(1); and

(F) the temporary release provisions set forth in section 3622 of title 18, and the prerelease custody provisions set forth in section 3624(c) of title 18.

28 U.S.C. § 994(a).

Pursuant to the SRA, the Sentencing Commission must promulgate guidelines in three situations: (1) "for use of a sentencing court in determining the sentence to be imposed in a criminal case"; (2) "regarding the appropriate use of the provisions for revocation of probation"; or (3) "for modification of the term or conditions of supervised release and revocation of supervised release." 28 U.S.C. §§ 994(a)(1), (3). As discussed in *Mistretta v. United States*, 488 U.S. 361 (1989), when Congress enacted the SRA, the Sentencing Commission's guidelines were binding on the courts, *id*. at 368, but have since become advisory in certain situations. *See United States v. Booker*, 543 U.S. 220, 259 (2005). The Sentencing Commission may promulgate policy statements, which deal with the "application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the [Sentencing] Commission would further the purposes" of sentencing, 28 U.S.C. § 994(a)(2), but such policy statements are not binding on the courts. Instead, policy statements perform the specific function Congress contemplated – i.e., clarifying the "appropriate use of [various statutes including] . . . the temporary release provisions set forth in [18 U.S.C. § 3622], and the prerelease custody provisions set forth in [18 U.S.C. § 3624(c)]." 28 U.S.C. § 994(a)(2)(F); *cf. United States v. Horn*, 679 F.3d 397, 401 (6th Cir. 2012) (28 U.S.C. § 994(a)(2)(C) "can only be read as a directive for the Commission to issue policy statements regarding the retroactivity of Guidelines amendments, though it does not by its terms make these policy statements binding. The binding effect of the policy statements is mandated in turn by 18 U.S.C. § 3582(c)(2)").

Because § 994(a)(2)(F) is only a directive to the Sentencing Commission to promulgate non-binding policy statements, it says nothing about a federal court's

jurisdiction to provide temporary releases under 18 U.S.C. § 3622. On the contrary, the reference in 18 U.S.C. § 3622 to 28 U.S.C. § 994(a)(2) directs the BOP to consider the Sentencing Commission's policy statements before granting a prisoner a temporary release. *Cf. Wedelstedt v. Wiley*, 477 F.3d 1160, 1167 (10th Cir. 2007) (finding that 18 U.S.C. § 3621(b) articulates a clear and unambiguous congressional intent that all placement and transfer determinations be carried out in reference to each of the five factors in the statute, including the policy statements issued by the Sentencing Commission pursuant to 28 § 994(a)(2)); *cf. Horn*, 679 F.3d at 401 (28 U.S.C. § 994(a)(2)(C) "can only be read as a directive for the Commission to issue policy statements regarding the retroactivity of Guidelines amendments, though it does not by its terms make these policy statements binding. The binding effect of the policy statements is mandated in turn by 18 U.S.C. § 3582(c)(2)"); *accord United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011) (same). Accordingly, the Court finds that § 994(a)(2)(F) does not give federal courts jurisdiction to grant a prisoner a temporary release pursuant to 18 U.S.C. § 3622.

Mr. Radcliff next argues that, because the policy statements mandated by 28 U.S.C. § 994(a)(2)(A)-(E) pertain to issues typically reserved for the Court, the inclusion of the temporary release statute in § 994(a)(2)(F) evinces a Congressional intent to vest the federal courts with exclusive jurisdiction over a prisoner's temporary release. Docket No. 1423 at 6, ¶ 4. In other words, Mr. Radcliff argues that the placement of § 994(a)(2)(F)'s directive among other sentencing factors reserved to the Court demonstrates that Congress intended for courts to decide whether to grant a prisoner a temporary release from his sentence.

Although the inclusion of the temporary release statute and the prerelease statute in § 994(a)(2)(F) might seem curious, this inclusion is in accordance with § 994(a)'s statutory scheme. Section 994(a)(2) requires that the Sentencing Commission promulgate "general policy statements regarding application of the guidelines or *any other aspect of sentencing*." 28 U.S.C § 994(a)(2) (emphasis added). Therefore, the temporary release statute and the prerelease statute are included in § 994(a)(2)(F) because they are aspects of sentencing for which the Sentencing Commission must issue policy statements. *See* 18 U.S.C. § 3624(c).[5] As noted in § 994(a)'s legislative history, Congress expected that "policy statements [would] be consulted at all stages of the criminal justice system . . . in evaluating the appropriateness of the sentence and corrections program[s] applied to a particular case."[6] S. Rep. 98-225, at 167-68, 1983 WL 25404 (1983), *as reprinted in* 1984

---

[5]Section 3624(c) states, in relevant part, that:

(c) Prerelease custody –

(1) In General – *The Director of the Bureau of Prisons* shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c) (emphasis added).

[6]Mr. Radcliff claims that the Court erred in its previous order by citing to legislative history from 1983. Docket No. 1423 at 8. The Court's citation to legislative history, namely, the Senate Report of 1983, is persuasive authority of the Congressional intent regarding the passage of the SRA and related statutes. Although the SRA was enacted in 1984, Congressional discussion about the purpose of the Act is reflected in the 1983 Senate Reports.

U.S.C.C.A.N. 3182, 3351. Contrary to defendant's argument, § 994(a)(2) does not specify for whom the policy statements are promulgated and only states that they are to be "distribute[d]" to courts of the United States and the Probation System. In order to know to whom the policy statements are issued, it is necessary to look at the text of the specific statutes listed in § 994(a)(2)(F). In this case, based on the text of the temporary release statute and the prerelease statute, it is clear that § 994(a)(2)(F)'s policy statements are implemented to guide the BOP. *See* 18 U.S.C. § 3622 ("*The Bureau of Prisons* may release a prisoner . . . if such release appears to be consistent with . . . any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)"); 18 U.S.C. § 3624(c) ("*The Director of the Bureau of Prisons* shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment"). Thus, although defendant is correct in that the policy statements required by 28 U.S.C. § 994(a)(2)(A)-(E) refer to matters typically decided by courts, both of the statutes listed in § 994(a)(2)(F) refer to custodial matters which are the province of the BOP. Read in this context, § 994(a)(2)(F) imposes a requirement that the Sentencing Commission promulgate policy statements to guide the BOP. Accordingly, because 28 U.S.C. § 994(a)(2) is a directive to the Sentencing Commission to issue non-binding policy statements, and not a grant of jurisdiction for federal courts, it does not support Mr. Radcliff's argument that federal courts have exclusive jurisdiction to grant a prisoner a temporary release pursuant to 18 U.S.C § 3622.

As the Supreme Court noted in *Mistretta*, Congress passed the SRA for two primary reasons: first, to eliminate discretionary sentencing, which led to variation among sentences imposed by different federal judges among similarly situated

offenders; and, second, to eliminate the uncertainty as to how long an offender would be imprisoned. 488 U.S. at 366. Thus, one "fundamental change made in 1984 [by the SRA] was to provide that, once [a] sentence has been imposed, neither the judge nor a parole board may make changes [to such sentence]." *United States v. Smith*, 438 F.3d 796, 798-99 (7th Cir. 2006); *see also Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'") (citation omitted). In order to ensure that all federal prisoners served a predictable term of imprisonment, the SRA limited the authority of federal courts to alter sentences after their imposition. Consistent with the limitation of judicial power, 18 U.S.C. § 3582 provides that:

> (c) Modification of an imposed term of imprisonment – The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . .
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .

18 U.S.C. § 3582.[7] Because of the Congressional desire to curtail federal judges' sentencing discretion, once a prison sentence has been imposed, a judge cannot make changes to the sentence except pursuant to authority expressly given by a statute. *See*

---

[7] Since none of these factors are present here, the Court will not address them in this motion.

9

*Dillon*, 130 S.Ct. at 2687 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"). As discussed above, 28 U.S.C. § 994(a)(2) does not give the Court such authority.

Mr. Radcliff also argues that the Court misconstrued his motion as a request for a "furlough." Docket No. 1423 at 5, ¶ 1. Mr. Radcliff states that his requests for a temporary release was made pursuant to 18 U.S.C. § 3622 and not the federal regulations governing furlough requests. *Id*.

In the July 24 order, the Court's discussion of federal regulations was used only in support of the conclusion that 18 U.S.C. § 3622 vested exclusive authority to the BOP to grant temporary releases. *See* Docket No. 1420 at 2. The Court's discussion of federal regulations merely illustrated that these regulations were consistent with the Court's holding that the BOP has sole authority to act under § 3622. *See* 28 C.F.R. § 570.30 ("[t]he purpose of this subpart is to describe the procedures governing the furlough program of the Federal Bureau of Prisons . . ., which is authorized by 18 U.S.C. § 3622."); 28 C.F.R. § 570.33(b) ("The Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to . . . (b) Be present during a crisis in the immediate family, or in other urgent situations"). Therefore, the Court did not misconstrue plaintiff's motion as requesting a "furlough" instead of a temporary release from his sentence.[8]

---

[8] With respect to the footnote 3 in the Court's previous order, the full quote states: "As with subsection (A) [of 18 U.S.C. § 3622], temporary release under subsections (B) and (C) is within the discretion of the Bureau of Prisons; there is no absolute right to work release or other outside privileges." S. Rep. 98-225, at 143, 1983 WL 25404 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3326.

Finally, Mr. Radcliff claims that the Court erred when it failed to rely on guidelines established by the Sentencing Commission for the temporary release of prisoners. Docket No. 1423 at 8-9. The Court did not cite to guidelines in response to plaintiff's previous motion because there are no such guidelines. As discussed above, § 994(a)(2)(F) only directs the Sentencing Commission to issue "general policy statements."[9] 28 U.S.C. § 994(a)(2)(F).

In summary, the Court finds that nothing in the SRA or the Sentencing Commission's guidelines amend or alter 18 U.S.C. § 3622. Because it is clear from the text of § 3622 that Congress vested the BOP with the sole authority to grant the temporary release of a prisoner, the Court, while sympathetic to Mr. Radcliff's situation and that of his daughter, finds no reason to reconsider its previous order.

Accordingly, it is

**ORDERED** that John Wesley Radcliff's Pro se Motions to Reconsider this Court's Order of July 24, 2012 Denying Radcliff's Motion for Temporary Release of a Prisoner Pursuant to 18 U.S.C. § 3622(a)(1) [Docket Nos. 1421,1423] are **DENIED**. It is further

**ORDERED** that John Wesley Radcliff's Pro se Motion for Expedited Adjudication and Disposition of his Motion for Temporary Release of a Prisoner Pursuant to 18 U.S.C. § 3622(a)(1) [Docket No. 1424] is **DENIED** as moot. It is further

---

[9]Mr. Radcliff states that other prisoners have been granted the right to a temporary release. Docket No. 1423 at 2, ¶ 2. However, Mr. Radcliff does not provide citations to the orders granting these prisoners a temporary release nor does he provide the supporting legal authority the courts granting releases have relied upon.

**ORDERED** that John Wesley Radcliff's Pro se Supplemental Motion to Reconsider this Court's Order of July 24, 2012 Denying Radcliff's Motion for Temporary Release of a Prisoner Pursuant to 18 U.S.C. § 3622(a)(1) [Docket No. 1426] is **DENIED**.

DATED October 18, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
