FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

November 28, 2012

Elisabeth A. Shumaker
Clerk of Court

In re:

JOHN WESLEY RADCLIFF,

　　　　Petitioner.

No. 12-1444
(D.C. No. 1:99-CR-00061-PAB-2)
(D. Colo.)

**ORDER**

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

　　John Wesley Radcliff is serving a 288-month federal sentence for drug and firearm offenses. *See generally United States v. Radcliff*, 331 F.3d 1153 (10th Cir. 2003) (affirming conviction and sentence). Recently, the district court denied his motion under 18 U.S.C. § 3622(a) for a temporary release from custody to care for his terminally ill daughter. *See United States v. Radcliff*, No. 99-cr-00061-PAB-2, 2012 WL 5187978 (D. Colo. Oct. 18, 2012) (denying motion for reconsideration of initial decision denying request for release). The district court did not deny the motion on the merits, but held that the matter was beyond its purview because Congress had granted the Bureau of Prisons (BOP) sole authority to afford such relief in § 3622. Mr. Radcliff now petitions this court for a writ of mandamus directing the district court to consider his request for temporary release on the merits. We agree with the district court's application of § 3622 and deny the mandamus petition accordingly.

The statute could not be clearer as to whom it vests with the authority to grant temporary release: "The *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period" if enumerated conditions are met. 18 U.S.C. § 3622 (emphasis added). Numerous courts have agreed that this provision gives authority over temporary-release decisions "to the Bureau of Prisons (BOP), not the federal courts." *United States v. Premachandra*, No. 95-2871, 1996 WL 102567, at *1 (8th Cir. Mar. 8, 1996) (per curiam) (unpublished); *see United States v. Clark*, No. CR 10-50015-02-JLV, 2012 WL 4324910, at *1 (D. S.D. Sept. 20, 2012) (citing cases); *United States v. Padilla*, No. CR 09-3598 JB, 2012 WL 2175749, at *3 (D. N.M. May 31, 2012) (same). Indeed, the Supreme Court has noted that the similarly framed statue governing federal prison placement, 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."), grants the BOP "plenary control" over placement decisions notwithstanding any recommendation in this regard from the sentencing court, *Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011). Without repeating the thorough analysis of the district court here, we concur in its conclusion that it is up to the BOP, not the district court, to consider whether, in its discretion, Mr. Radcliff should be granted temporary release under § 3622(a) for the purpose of visiting his daughter. Thus, his request for a writ of mandamus directed to the district court lacks a basis in law.

We are aware that Mr. Radcliff's motion states he has requested temporary release from the BOP and it took the position that the district court, not the BOP, had authority to afford such relief under § 3622. That administrative decision is not before us.

The petition for a writ of mandamus is DENIED. Mr. Radcliff's motion for leave to proceed in forma pauperis is GRANTED, and he is reminded of his obligation to continue making monthly payments until the filing fee is paid in full.

        Entered for the Court

        *Elisabeth A. Shumaker*

        ELISABETH A. SHUMAKER, Clerk