IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03331-PAB
Criminal Action No. 99-cr-00061-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JOHN WESLEY RADCLIFF,

    Defendant.

---

## ORDER DENYING MOTIONS

---

The matter is before the Court on "John Wesley Radcliff's Motion for Reconsideration" [Docket No. 1438] and "John Wesley Radcliff's Pro Se Application for a Certificate of Appealability" [Docket No. 1439] filed by defendant John Wesley Radcliff. The Court must construe the motions liberally because Mr. Radcliff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

The Court first will address the motion for reconsideration. Mr. Radcliff asks the Court to reconsider and vacate the Court's Order Denying 28 U.S.C. § 2255 Motion [Docket No. 1436] and the Final Judgment [Docket No. 1437] entered in this action on December 17, 2013. Mr. Radcliff claimed in his 28 U.S.C. § 2255 motion [Docket No.

1435] that he is entitled to a new sentencing hearing in light of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Court denied the § 2255 motion for two reasons. First, the Court concluded that the § 2255 motion is a second or successive motion, *see United States v. Radcliff*, No. 04-cv-02230-EWN (D. Colo. Nov. 23, 2004), and must be denied for lack of jurisdiction because the Supreme Court has not held that *Alleyne* is retroactive to cases on collateral review. *See In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013). Second, the Court determined that the right recognized in *Alleyne* also is not retroactively applicable to cases on collateral review for the purposes of 28 U.S.C. § 2255(f)(3). Thus, even if the Court had jurisdiction to consider the second or successive § 2255 motion under § 2255(h)(2), the motion was untimely.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion for reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Final Judgment [Docket No. 1437] was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The Court does not construe the motion for reconsideration as a second or successive motion pursuant to 28 U.S.C. § 2255

because Mr. Radcliff is challenging procedural rulings that precluded a merits determination of his 28 U.S.C. § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (stating that *Spitznas* applies in the context of Rule 59(e)).

Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Radcliff first argues in the motion for reconsideration that the Court should refer to him as the "plaintiff" and not the "defendant" because the § 2255 motion was an independent action filed against the United States. This argument lacks merit because a § 2255 motion is a motion in a criminal case.

Mr. Radcliff next argues in the motion for reconsideration that the § 2255 motion is not second or successive because he did not previously file a § 2255 motion. This argument lacks merit because the Court's docketing records indicate that Mr. Radcliff filed a § 2255 motion in this criminal action in 2004, which was assigned civil action number 04-cv-02230-EWN, and that the original § 2255 motion was denied on November 23, 2004.

Mr. Radcliff finally argues in the motion for reconsideration that the Court erred in determining the § 2255 motion was untimely. Mr. Radcliff contends that the § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(3) because the motion was filed within one year after the Supreme Court's decision in *Alleyne*. Section 2255(f)(3) relates to

the timeliness of a § 2255 motion and provides that a motion filed within one year after the date the Supreme Court recognizes a new right is timely if the right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Mr. Radcliff's timeliness argument premised on § 2255(f)(3) lacks merit for the same reasons specified in the Court's order denying the § 2255 motion. To reiterate, the holding in *Alleyne* is merely an extension of the Supreme Court's prior decision in *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000), and it is clear that *Apprendi* does not apply retroactively to cases on collateral review. *See United States v. Mora*, 293 F.3d 1213, 1218-19 (10th Cir. 2002). Therefore, the Court remains convinced that *Alleyne* is not retroactively applicable to cases on collateral review for the purposes of § 2255(f)(3). *See United States v. Reynoso*, Nos. 2:08-CV-111-DBH, 2:12-CV-165-DBH, 2014 WL 185333 at **4-5 (D. Me. Jan. 15, 2014); *Kizziah v. United States*, Nos. 7:13-cv-8042-VEH-JEO, 7:12-cr-0021-VEH-JEO, 2014 WL 51282 at *5 (N.D. Ala. Jan. 7, 2014).

For these reasons, the motion for reconsideration will be denied. Mr. Radcliff's application for a certificate of appealability also will be denied because Mr. Radcliff fails to "demonstrate[] 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, it is

ORDERED that "John Wesley Radcliff's Motion for Reconsideration" [Docket No. 1438] and "John Wesley Radcliff's Pro Se Application for a Certificate of Appealability"

[Docket No. 1439] John Wesley Radcliff's Motion Under 28 U.S.C.S. § 2255 [Docket No. 1435] are **DENIED**.

DATED March 4, 2014.

BY THE COURT:

  /sPhilip A. Brimmer
PHILIP A. BRIMMER
United States District Judge